IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATRICK JOHN, an individual,<br><br>       Plaintiff,<br><br>v.<br><br>MURRAY CITY, a Utah municipal corporation,<br><br>       Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:19-cv-00661-RJS-DAO<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Now before the court is Defendant Murray City's Motion for Leave to File Second Motion for Summary Judgment (the Motion).[1] For the reasons explained below, the Motion is granted.

## BACKGROUND

Plaintiff Patrick John was a Paramedic/Firefighter for Murray City, but the City terminated his employment in 2018.[2] John sued the City, asserting various claims, including failure to accommodate under the Rehabilitation Act.[3] The City filed a Motion for Summary Judgment,[4] which the court granted in part and denied in part.[5] After the court's ruling, the only remaining claim is John's failure-to-accommodate claim based on the Rehabilitation Act.[6]

---

[1] ECF 51.

[2] *Memorandum Decision and Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment* (ECF 45) at 2, 18.

[3] *Complaint* (ECF 2) at 10–15.

[4] *Defendant's Motion for Summary Judgment* (ECF 27).

[5] ECF 45 at 49.

[6] *Id.* at 34–37, 49.

1

On June 9, 2023, the City filed the Motion, contending it should be allowed to file a Second Motion for Summary Judgment because "[n]o relief will be available for John at trial on his remaining Rehabilitation Act claim."[7]  John opposes the Motion.[8]

## LEGAL STANDARD

The deadline for filing dispositive motions was August 30, 2021.[9]  Accordingly, the court reads the Motion as a request to amend the scheduling order.  Under Federal Rule of Civil Procedure 16, a scheduling order "may be modified only for good cause and with the judge's consent."[10]  "'[G]ood cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."[11]  Possible prejudice to the non-moving party is also relevant.[12]

## ANALYSIS

The City contends the Supreme Court's holding in *Cummings v. Premier Rehab Keller, P.L.L.C.*[13] prevents John from recovering his asserted damages.[14]  It further argues judicial efficiency warrants granting it leave to file a Second Motion for Summary Judgment.[15]  As explained below, the court concludes there is good cause to amend the scheduling order and

---

[7] ECF 51 at 2.

[8] *Plaintiff's Memorandum in Opposition to Defendant's Motion for Leave to File Second Motion for Summary Judgment* (ECF 55).

[9] *Fourth Amended Scheduling Order* (ECF 26).

[10] Fed. R. Civ. P. 16(b)(4).

[11] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting 3 James Wm. Moore, Moore's Federal Practice – Civil § 16.14[1][b] (3d ed. 2019)).

[12] *Id.*

[13] 142 S. Ct. 1562 (2022).

[14] ECF 51 at 2–3.

[15] *Id.*

permit the City's Second Motion for Summary Judgment.

In *Cummings*, the Supreme Court held emotional distress damages are not recoverable under the Rehabilitation Act because they are not "traditionally available in suits for breach of contract."[16]  Accordingly, the City argues there is no relief available for John because he "has not identified any contract remedies arising from a failure to accommodate."[17]  John does not argue *Cummings* should be interpreted differently—indeed, he states the City "correctly points out" that *Cummings* "precluded [his] recovery of emotional distress and punitive damages under the Rehabilitation Act."[18]

This development warrants allowing the City to file a Second Motion for Summary Judgment.[19]  If no relief is available to John, then both parties would be prejudiced by preparing for a trial where a jury could not return a verdict in John's favor.  Moreover, the City was generally diligent in bringing this issue to the court's attention.  The City could not have cited *Cummings* in its first Motion for Summary Judgment because it filed that Motion in August 2021,[20] and *Cummings* was not issued until April 2022.[21]  The City also filed the Motion less than three months after the court's Order resolving its first Motion for Summary Judgment, and the court has no reason to believe it was dilatory in doing so.

However, John opposes the Motion, characterizing it as a "second crack at a motion for

---

[16] *See* 142 S. Ct. at 1576 (quoting *Barnes v. Gorman*, 536 U.S. 181, 187 (2002)).

[17] ECF 51 at 2.

[18] ECF 55 at 1–2.

[19] *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) ("Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information or if the underlying law has changed.").

[20] ECF 27.

[21] *See* 142 S. Ct. 1562 (2022).

summary judgment."[22] The court disagrees—the City is not raising an issue it could have raised before, nor is it asking the court to revisit a previously decided issue.[23]

### CONCLUSION

For the reasons stated, there is good cause to amend the scheduling order. The Motion[24] is GRANTED, and the court ORDERS the City to file its Second Motion for Summary Judgment[25] within two days.

SO ORDERED this 30th day of June 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[22] ECF 55 at 1.

[23] John's Opposition appears to ask for relief if the Motion is granted. *See* ECF 55 at 2. The court will not address those potential requests because a party must file a motion to request relief. DUCivR 7-1(a)(3) ("A party may not make a motion . . . or a cross-motion in a response or reply.").

[24] ECF 51.

[25] *See Defendant's Second Motion for Summary Judgment* (ECF 51-1).