IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATRICK JOHN, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>MURRAY CITY, a Utah municipal corporation,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>Case No. 2:19-cv-00661-RJS-DAO<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

    Now before the court is Defendant Murray City's Second Motion for Summary Judgment[1] and Plaintiff Patrick John's Motion for Leave to File First Amended Complaint.[2]

    Plaintiff filed his Complaint on September 17, 2019, alleging, among other things, violations of the Rehabilitation Act.[3] On March 29, 2023, the court granted summary judgment in favor of Defendant on all of Plaintiff's claims except a portion of his Rehabilitation Act claim alleging Defendant failed to accommodate his injuries between September 17, 2015 and January 2, 2018.[4]

    Defendant now seeks summary judgment on Plaintiff's remaining Rehabilitation Act claim arguing the claim must fail because Plaintiff cannot establish damages.[5] For the reasons explained below, Defendant's Motion[6] is GRANTED.

---

[1] Dkt. 62, *Defendant's Second Motion for Summary Judgment* (*Motion for Summary Judgment*).

[2] Dkt. 70, *Plaintiff's Motion for Leave to File First Amended Complaint* (*Motion for Leave to Amend*).

[3] Dkt. 2, *Complaint*.

[4] Dkt. 45, *Memorandum Decision and Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment* (*Memorandum Decision and Order*).

[5] *Motion for Summary Judgment* at 1.

[6] *Motion for Summary Judgment.*

1

Separately, Plaintiff seeks leave to amend his Complaint to include a request for nominal damages under his Rehabilitation Act claim.[7] Because the court concludes—even considering Plaintiff's Complaint with the requested amendment—that it does not survive Defendant's Motion, amendment would be futile. Accordingly, Plaintiff's Motion[8] is DENIED.

## BACKGROUND[9]

Plaintiff filed this Complaint on September 17, 2019, alleging violations of federal and state law, including the Rehabilitation Act.[10] On March 29, 2023, the court granted in part and denied in part Defendant's first Motion for Summary Judgment.[11] Following the court's decision, Plaintiff's sole remaining claim is his Rehabilitation Act claim for Defendant's alleged failure to accommodate Plaintiff's injuries between September 17, 2015 and January 2, 2018, while he was employed by Defendant.[12]

Plaintiff disclosed in his Initial Disclosures a range of damages, all arising after his termination and outside the timeframe of his Rehabilitation Act claim.[13] He sought as remedies lost wages and benefits from the date of his termination until he found part-time employment, reinstatement or front wages in lieu of reinstatement, and compensatory damages for expenses

---

[7] *Motion for Leave to Amend* at 2.

[8] *Motion for Leave to Amend*.

[9] Unless otherwise stated, the following facts are material and not genuinely in dispute. They are drawn from the parties' summary judgment briefing and attached exhibits. *See generally* Fed. R. Civ. P. 56(c). Because this Order resolves a motion for summary judgment, the court "consider[s] the evidence in the light most favorable to the non-moving party." *Duvall v. Georgia-Pac. Consumer Prods., L.P.*, 607 F.3d 1255, 1259 (10th Cir. 2010) (quotation simplified). The court provides only the factual background relevant to the present Motion. The court's Memorandum Decision and Order on Defendant's first Motion for Summary Judgment supplies a more comprehensive overview of the case. *See Memorandum Decision and Order*.

[10] *Complaint*.

[11] *Memorandum Decision and Order*.

[12] *See id.* at 49.

[13] *Motion for Summary Judgment* at 2–3; Dkt. 62-1, *Exhibit A, Plaintiff's Initial Disclosures*.

incurred following his termination.[14]  He further requested punitive damages and attorneys' fees and costs.[15]

Plaintiff augmented these damages calculations in his First Supplemental Rule 26 Initial Disclosures.[16]  He disclosed he was seeking additional compensatory damages "caused as a result of his termination."[17]  That is to say, he sought compensatory damages arising after his termination and outside the window of his Rehabilitation Act claim.  He further sought "compensatory damages, including damages for emotional distress, pain and suffering, humiliation and damage to his reputation caused by [Defendant's] unlawful actions."[18]

Additionally, Plaintiff provided written interrogatory responses and sat for a deposition.[19]  Undisputed by both parties, Plaintiff did not identify damages arising from Defendant's alleged failure to accommodate from September 17, 2015 to January 2, 2018 in his written responses.[20]  Concerning his failure to accommodate claim, Plaintiff "does not dispute that he only sought damages for emotional distress and related non-pecuniary damages."[21]  Plaintiff testified in his deposition he is only seeking compensatory damages for various post-termination expenses.[22]

On June 30, 2023, Defendant moved for summary judgment on Plaintiff's remaining claim for failure to accommodate under the Rehabilitation Act.[23]  On August 15, 2023, Plaintiff

---

[14] *Motion for Summary Judgment* at 3.

[15] *Id.*

[16] *Id.*; Dkt. 62-2, *Exhibit B, Plaintiff's First Supplemental Rule 26 Initial Disclosures*.

[17] *Motion for Summary Judgment* at 3.

[18] *Id.*

[19] *Id.* at 4; Dkt. 62-3, *Exhibit C, Plaintiff's Objections, Answers and Responses to Defendant's First Set of Interrogatories*; Dkt. 62-4, *Exhibit D, Patrick John Deposition Transcript*.

[20] *Motion for Summary Judgment* at 4.

[21] Dkt. 69, *Plaintiff's Memorandum in Opposition to Defendant's Second Motion for Summary Judgment* (*Plaintiff's Opposition*) at 2.

[22] *Motion for Summary Judgment* at 4.

[23] *See Motion for Summary Judgment*.

filed a Motion for Leave to File First Amended Complaint, seeking to add a request for nominal damages to his Rehabilitation Act Claim.[24] The Motions are now fully briefed and ripe for review.[25]

## LEGAL STANDARDS

Summary judgment is appropriate when "there is no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law."[26] A fact is material if it "might affect the outcome of the suit under the governing law."[27] A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[28]

The moving party bears the burden "of showing beyond a reasonable doubt that it is entitled to summary judgment."[29] This is true even if "the moving party does not have the ultimate burden of persuasion at trial."[30] The moving party may carry its burden "either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial."[31] If the moving party does not carry this burden, then "the nonmoving party has no obligation to produce anything, even if [it] would have the ultimate burden of persuasion at trial."[32]

---

[24] *See Motion for Leave to Amend.*

[25] *See* Dkt. 69, *Plaintiff's Memorandum in Opposition to Defendant's Second Motion for Summary Judgment* (*Plaintiff's Opposition*); Dkt. 72, *Reply Memorandum Supporting Defendant's Second Motion for Summary Judgment* (*Defendant's Reply*); Dkt. 73, *Memorandum Opposing Plaintiff's Motion for Leave to File First Amended Complaint* (*Defendant's Opposition*).

[26] Fed. R. Civ. P. 56(a).

[27] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[28] *Id.*

[29] *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002) (citation and quotations omitted).

[30] *Id.*

[31] *Id.*

[32] *Id.* (citation omitted).

4

The court views "the evidence and make[s] all reasonable inferences in the light most favorable to the nonmoving party."[33] But the court does not weigh the evidence, make credibility determinations, or draw legitimate inferences from the facts.[34] That is the role of a jury.[35]

## ANALYSIS

Defendant moves for summary judgment on Plaintiff's failure to accommodate claim under the Rehabilitation Act, arguing the claim must fall because Plaintiff cannot establish damages.[36] Separately, Plaintiff seeks leave to amend his Complaint to include a request for nominal damages on his Rehabilitation Act claim.[37] As explained below, the court concludes that, even considering a request for nominal damages, there are no material facts in dispute and Defendant is entitled to judgment as a matter of law. Defendant's Motion is granted. Plaintiff's Motion is denied because amendment would be futile.

### I. Motion for Summary Judgment on Plaintiff's Rehabilitation Act Claim

Defendant argues there are no disputed material facts concerning Plaintiff's Rehabilitation Act claim and it is entitled to judgment as a matter of law because Plaintiff has not, and cannot, establish damages following the Supreme Court's decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*[38] Plaintiff concedes that *Cummings* precludes the recovery of punitive and emotional distress damages under the Rehabilitation Act—the only damages expressly sought in his claim—and that he did not disclose any recoverable compensatory

---

[33] *N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008).

[34] *Liberty Lobby*, 477 U.S. at 255.

[35] *Id.*

[36] *Motion for Summary Judgment* at 5. *See also Complaint* at 12; *Memorandum Decision and Order* at 33–37, 49.

[37] *See Motion for Leave to Amend.*

[38] *Motion for Summary Judgment* at 5–6; *Defendant's Reply* at 1–2.

damages for the alleged failure to accommodate.[39]  However, Plaintiff argues, his claim survives because he is still entitled to nominal damages and, if he prevails at trial, attorneys' fees and costs.[40]  Defendant contends this is unavailing because nominal damages cannot serve as a substitute for Plaintiff's prohibited emotional distress damages.[41]  The court agrees.

In *Cummings*, the Supreme Court held that emotional distress-related damages are not a remedy available under the Rehabilitation Act.[42]  The Court affirmed its previous holding in *Barnes v. Gorman* that remedies available under civil rights statutes enacted pursuant to the Spending Clause, such as the Rehabilitation Act, are limited to only those "traditionally available in suits for breach of contract."[43]  This is because recipients of funds pursuant to these statutes engage in a sort of "Spending Clause 'contract' with the Federal Government" and are aware that a breach of that "contract" would subject them "to the *usual* contract remedies in private suits."[44]  In other words, the only remedies available are those "'traditionally available,' 'generally . . . available,' or 'normally available for contract actions.'"[45]  And, since "[i]t is hornbook law that emotional distress is generally not compensable in contract," "it follows that such damages are not recoverable under the [Rehabilitation Act]."[46]

---

[39] *Motion for Summary Judgment* at 5–6*; Plaintiff's Opposition* at 2, 5.

[40] *Plaintiff's Opposition* at 5.

[41] *Defendant's Reply* at 3.  In its Motion, Defendant also argued nominal damages were unavailable because Plaintiff did not plead them or disclose that he was seeking them.  *See Motion for Summary Judgment* at 9.  Defendant concedes this argument in its Reply, acknowledging "nominal damages need not be pleaded." *Defendant's Reply* at 2.

[42] *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 230 (2022).

[43] *Id.* at 220–21 (quoting *Barnes v. Gorman*, 536 U.S. 181, 187 (2002)).

[44] *Id.* at 221 (emphasis in original).

[45] *Id.* (quoting *Barnes*, 536 U.S. at 187–88).

[46] *Id.* at 221–22 (internal quotations omitted).

It is undisputed here that the only damages Plaintiff expressly sought in his Complaint for his Rehabilitation Act claim were emotional distress damages now foreclosed by *Cummings*.[47] The question for the court then is whether Plaintiff's purported entitlement to nominal damages saves his claim. Plaintiff argues nominal damages are a "typical contractual remedy where actual damages cannot be proven."[48] As such, Plaintiff asserts, *Cummings* does not preclude them for Rehabilitation Act claims.[49] Whether nominal damages are a viable remedy under the Rehabilitation Act following *Cummings* has not been addressed by the Tenth Circuit and is an open question. However, as Defendant highlights, the court need not resolve it to address the narrower question here of whether nominal damages are available to Plaintiff "when it is undisputed that the only harm he's alleged cannot be remedied as a matter of law."[50]

Typically, a plaintiff may recover nominal damages in a contract action where it cannot be proven damages resulted from a breach or where there are no damages at all stemming from the breach.[51] Determinative for these purposes, this is not Plaintiff's situation. Plaintiff did not allege he suffered no loss or cannot prove damages. It is undisputed he alleged damages due to emotional distress and he would have offered evidence in support of those damages if the law permitted such recovery. Instead, Plaintiff now seeks to substitute nominal damages for what is a provable but unavailable—in other words, unlawful—remedy. In these circumstances, as most courts who have addressed the question post-*Cummings* have concluded, nominal damages are not available.

---

[47] *Plaintiff's Opposition* at 2, 5. The court also observes Plaintiff generally sought punitive damages. However, the Supreme Court previously determined punitive damages are not an available remedy under the Rehabilitation Act. *See Barnes*, 536 U.S. at 189. The parties do not contest this and the court need not address it further.

[48] *Id.* at 1.

[49] *Id.*

[50] *Defendant's Reply* at 3.

[51] Restatement (Second) of Contracts § 346(2) (Am. L. Inst. May 2022 Update).

In *Doe v. City of Pawtucket*, decided after *Cummings*, the court rejected a plaintiff's attempt to save a Title IX claim by substituting nominal damages for no-longer available emotional distress damages.[52] The court concluded the plaintiff did not have a claim for nominal damages because they "are intended to be a substitute for a lack of damages or damages that cannot be proven. They are not a substitute for damages that might be proven but are otherwise unavailable."[53] To the extent that the plaintiff sought nominal damages "for harm that is properly characterized as emotional distress, the Court reject[ed] such a facial rebranding."[54] This is consistent with other courts who have found plaintiffs cannot attempt to subvert *Cummings* and salvage an emotional distress claim by substituting nominal damages.[55]

Plaintiff encourages the court to follow *Nieves v. Plaza Rehabilitation & Nursing Center*.[56] There, after rejecting the plaintiff's claim for damages related to emotional distress, the court simply noted nominal damages are available under the Rehabilitation Act after *Cummings* because it is relief available in contract actions where plaintiffs cannot show actual damages.[57] While that is an accurate statement of when nominal damages are generally available, it lacks the specific nuance presented here where a plaintiff attempts to substitute

---

[52] *Doe v. City of Pawtucket*, 633 F. Supp. 3d 583, 591 (D.R.I. 2022).

[53] *Id.* (citing Restatement (Second) of Contracts § 346(2), § 346 cmt. B, illus. 1).

[54] *Id.*

[55] *See M.R. v. Burlington Area Sch. Dist.*, No. 21-cv-1284-JPS-JPS, 2023 WL 4826471, at *5 (E.D. Wis. July 27, 2023) ("The Court must conclude that, since Plaintiffs have actual damages that are unrecoverable as opposed to having no actual damages at all, they may not [recover nominal damages]."); *Doe v. Moravian Coll.*, 5:20-cv-00377-JMG, 2023 WL 144436, at *9 (E.D. Pa. Jan. 10, 2023) (agreeing with the court's reasoning in *City of Pawtucket*); *K.G. v. Woodford Cnty. Bd. Of Educ.*, No. 5:18-555-DCR, 2022 WL 17993127, at *4 (E.D. Ky. Dec. 29, 2022) (citing *City of Pawtucket* approvingly and finding "it is questionable whether plaintiffs have preserved a nominal damages argument, but in either case, the only harm alleged by the plaintiffs are emotional in nature," which is not redressable).

[56] *Plaintiff's Opposition* at 4.

[57] *Nieves v. Plaza Rehabilitation & Nursing Ctr.*, No. 1:20-cv-001191, 2023 WL 4763945, at *10 (S.D.N.Y. July 26, 2023).

nominal damages for what are provable but unavailable damages. The court finds this unpersuasive and declines to follow it.

In *Cummings*, the Supreme Court held a particular class of claims—those seeking damages for emotional distress—are no longer actionable under the Rehabilitation Act. If a plaintiff can evade this holding by simply erasing "emotional distress" and substituting "nominal damages," it would render the Court's decision a nullity—a decision without effect. This court concludes the line of cases following *City of Pawtucket* correctly assesses when nominal damages are available. Nominal damages are available to a plaintiff who cannot prove damages or who suffered no actual damage from a breach of contract. They are not available, as Plaintiff here seeks, as a substitute for damages that are provable but legally unavailable.

In sum, there are no genuine disputes of material fact concerning Plaintiff's inability to establish damages on his Rehabilitation Act claim and Defendant is entitled to judgment as a matter of law. Accordingly, Defendant's Motion is GRANTED.

## II. Motion for Leave to Amend

Plaintiff seeks leave to file a First Amended Complaint.[58] The proposed Amended Complaint adds only a claim for nominal damages under Plaintiff's Rehabilitation Act claim.[59] As an initial matter, it is not clear the Motion is still necessary. After initially arguing Plaintiff could not claim nominal damages now because he did not initially plead or disclose them,[60] Defendant concedes nominal damages need not be pleaded.[61] That aside, amendment would be futile. Though leave to amend should be "freely [given] where justice so requires,"[62] "justice

---

[58] *Motion for Leave to Amend* at 1.

[59] *Id.* at 2.

[60] *Motion for Summary Judgment* at 7–9.

[61] *Defendant's Reply* at 2 n.1.

[62] Fed. R. Civ. P. 15(a)(2).

does not require granting leave where amendment would be 'futile.'"[63] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[64] As the court concluded above, nominal damages are not available for Plaintiff's claim. Whether they are expressly included in the Complaint or not, Plaintiff's claim would still be dismissed. Accordingly, the proposed amendment is futile.

For the reasons explained above, Plaintiff's Motion[65] is denied.

## CONCLUSION

For the reasons stated, Defendant's Second Motion for Summary Judgment[66] is GRANTED. The court GRANTS summary judgment in Defendant's favor on Plaintiff's remaining Rehabilitation Act claim. Plaintiff's Motion for Leave to File First Amended Complaint[67] is DENIED. The Clerk of Court is directed to close the case.

SO ORDERED this 20th day of February 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[63] *Gaddy v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, 665 F.Supp. 3d 1263, 1298 (D. Utah 2023) (quoting *Prisbry v. Barnes*, No. 2:17-cv-00723-DN-PMW, 2018 WL 1508559, at *3 (D. Utah Mar. 27, 2018)).

[64] *Jefferson Cty. School Dist. No. R-1 v. Moody's Inv. Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (citing *TV Commc'ns Network, Inc., v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992)).

[65] *Motion for Leave to Amend*.

[66] Dkt. 62.

[67] Dkt. 70.